UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA TAYLOR,<br><br>        Plaintiff,<br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1:06-cv-00957-SMS<br><br>ORDER DIRECTING ATTORNEYS<br>CHRISTENSON AND ROHLFING TO<br>APPEAR PERSONALLY TO SHOW CAUSE<br>WHY SANCTIONS SHOULD NOT BE<br>IMPOSED ON COUNSEL FOR FAILURE TO<br>COMPLY WITH AN ORDER OF THE COURT<br>(DOCS. 28, 31)<br><br>ORDER DIRECTING PLAINTIFF'S<br>ATTORNEYS TO FILE A PROPER<br>SUBSTITUTION OF COUNSEL NO LATER<br>THAN TEN DAYS AFTER THE DATE OF<br>SERVICE OF THIS ORDER<br><br>ORDER SETTING A HEARING ON THE<br>ORDER TO SHOW CAUSE<br><br>Date: May 23, 2008<br>Time: 9:30 a.m.<br>Courtroom: 7 |

    Plaintiff is proceeding with counsel with an appeal from this Court's judgment for Defendant. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

Pending before the Court is the Court's order, dated April 3, 2008, striking the purported notice of withdrawal of Plaintiff's counsel, Robert D. Christenson, filed on April 1, 2008, and directing Plaintiff's attorneys, Robert D. Christenson and Lawrence D. Rohlfing, to file a substitution of counsel in compliance with the local rules.

Over fifteen days have passed, and counsel have not filed the appropriate substitution or sought an extension of time within which to do so.

Local Rule 11-110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court. A Court may impose monetary sanctions, payable to the Court, in the nature of a fine pursuant to the Court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated unintentional flouting of court rules. Id. at 1480. Sanctions should not be imposed without giving counsel notice and an opportunity to be heard. Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir. 1983).

Further, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

2

> expenses, and attorneys' fees reasonably incurred because of such conduct.

For action to be considered unreasonable and vexatious, it must involve bad faith, improper motive, or reckless disregard of the duty owed to the Court. <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242, 246 (5th Cir. 1998); <u>New Alaska Development Corp. v. Guetschow</u>, 869 F.2d 1298, 1306 (9th Cir. 1989). The imposition of sanctions under § 1927 requires a finding of bad faith; an attorney's bad faith is assessed under a subjective standard, pursuant to which either knowing or reckless conduct is sufficient. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d 1112, 1118 (9th Cir. 2000). An attorney subject to sanctions pursuant to § 1927 is entitled to notice and an opportunity to be heard by way of briefing, but no oral or evidentiary hearing is required. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d at 1118.

Here, it appears to the Court that in filing what purported to be a notice of appeal, attorney Rohlfing did not make an appearance as defined in Local Rule 83-182(a) because he did not file a substitution of counsel. Therefore, attorney Christenson was required to obtain leave of Court to withdraw, or to file a substitution of counsel. The Court as a courtesy gave counsel time to file an appropriate substitution, but counsel did not file a substitution of otherwise correspond with the Court. The Court desires to avoid any doubts as to the authority of Mr. Rohlfing to file a notice of appeal and as to the status of counsel in this action. The Court is thus concerned with the smooth administration of justice. The Court further desires to

3

maintain the dignity and decorum of the Court.

Plaintiff's counsel's failure to withdraw and enter an appearance in compliance with the local rules, and their failure timely to submit an appropriate substitution of counsel and/or to seek continuances to do so, supports an inference that counsel have engaged in knowing or reckless conduct warranting the imposition of sanctions. It appears to the Court that it may be necessary to sanction Plaintiff's counsel, pursuant to the Court's inherent powers, all applicable local rules, and 28 U.S.C. § 1927 by sanctions, including but not limited to monetary sanctions, and any and all measures necessary or appropriate to preserve the dignity and authority of the Court efficiently to administer justice, and to deter such conduct on the part of Plaintiff in the future.

Accordingly, it IS ORDERED that

1. Plaintiff's counsel, LAWRENCE DAVID ROHLFING AND ROBERT DECKER CHRISTENSON, FILE a proper substitution of counsel no later than ten days after the date of service of this order; and

2. Plaintiff's counsel, LAWRENCE DAVID ROHLFING AND ROBERT DECKER CHRISTENSON, ARE DIRECTED TO APPEAR PERSONALLY before the Court on May 23, 2008, at 9:30 a.m, in Courtroom Number 7, the courtroom of the undersigned Magistrate Judge, TO SHOW CAUSE why sanctions should not be imposed on Plaintiff's counsel; if Plaintiff's counsel has any reasons why sanctions should not be imposed, Plaintiff's counsel SHALL SUBMIT them by sworn declaration of facts filed no later than May 16, 2008; Plaintiffs' counsel may append a supporting memorandum of law; and

1     3. Plaintiffs' counsel ARE INFORMED that a failure to file a
2  timely response regarding sanctions will be deemed to be
3  acquiescence in, and consent to, payment by Plaintiffs' counsel
4  and his firm of any monetary sanctions as well as any other
5  sanctions imposed by the Court.

7  IT IS SO ORDERED.

8  **Dated:   April 29, 2008**         /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE