1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA TAYLOR, | CASE NO. 1:06-cv-00957-SMS |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Docs. 49 and 50) |
| _____/ | |

Plaintiff Linda Taylor moves the Court to grant attorneys' fees of $20,900.00 under 42 U.S.C. § 406(b).  Defendant Commissioner has filed a statement of non-opposition to Plaintiff's request.  Having reviewed the motion and its supporting documentation, as well as the case file, this Court awards the requested attorneys' fees.

**I.      Legal and Factual Background**

On July 21, 2006, Plaintiff filed a complaint in this Court appealing Defendant's denial of his application for disability insurance benefits.  On January 24, 2008, this Court entered judgment in favor of Defendant.  Plaintiff was then represented by attorney Robert Christenson, who invested approximately fifteen hours in representing Plaintiff.

On March 14, 2008, Plaintiff and the Law Offices of Lawrence D. Rohlfing, entered a contingent fee agreement, providing payment to attorneys of twenty-five per cent of Plaintiff's past due benefits in the event the case was won.  In the course of Plaintiff's appeal and subsequent proceedings, Rohlfing invested approximately 81 hours in representing Plaintiff.

1

1    On March 19, 2008, Plaintiff appealed the District Court's judgment to the U.S.

2    Appellate Court for the Ninth Circuit.  On July 13, 2010, the Ninth Circuit reversed and

3    remanded.  It entered its mandate on September 7, 2010.  On September 10, 2010, this Court

4    entered its order remanding the case for payment of benefits to Plaintiff.

5    On December 14, 2010, this Court stayed the time period in which to file a motion for

6    attorneys' fees under 42 U.S.C.A. 406(b), directing that Plaintiff's application for attorneys' fees

7    be submitted within thirty days of the Commissioner's issuance of the determination of award.

8    On December 13, 2010, the agency notified Plaintiff of the award of monthly disability benefits

9    beginning in February 2003.  On December 28, 2010, Plaintiff moved for attorneys' fees of

10   $20,960.00.  On December 29, 2010, Plaintiff amended her motion to provide for the allocation

11   of the requested attorneys' fees $17,347 to Lawrence D. Rohlfing, and $3553 to Robert

12   Christenson. The Commissioner took no position on the reasonableness of Plaintiff's request.

13   Twenty-five per cent of Plaintiff's past due benefit total of $83,858.00 equals $20,964.50.

14   Plaintiff was not previously awarded any attorneys' fees under the Equal Access to Justice Act

15   (EAJA).

16   **II.**   **Discussion**

17   Whenever a court renders judgment favorable to a claimant under this subchapter
     who was represented before the court by an attorney, the court may determine and
18   allow as part of its judgment a reasonable fee for such representation, not in
     excess of 25 percent of the total of the past-due benefits to which the claimant is
19   entitled by reason of such judgment . . . . .

20   42 U.S.C. § 406(b)(1(A).

21   The Court must review contingent-fee arrangements "as an independent check, to assure

22   that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807

23   (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under

24   contingent fee agreements, taking into account both the character of the representation and the

25   results achieved. *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline:

26   Contingency agreements are unenforceable to the extent that they provide for fees in excess of

27   twenty-five per cent of past-due benefits. *Id.* at 807.  Within the twenty-five percent corridor, the

28   ///

attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided. *Id.*

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406 (b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003).  Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.*  Here, Rohlfing accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level and by the District Court.  Plaintiff agreed to the contingent fee.  Working efficiently and effectively, Rohlfing and Christenson appealed the determinations of the Commissioner and the District Court and ultimately, secured a reversal and remand, yielding the award of substantial benefits to Plaintiff.

**III.   Conclusion and Order**

Accordingly, this Court hereby GRANTS Plaintiff's petition for attorneys' fees of $20,960.00, to be allocated $17,347 to Lawrence D. Rohlfing, and $3553 to Robert Christenson.

IT IS SO ORDERED.

**Dated:    March 3, 2011**                           **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE